IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | ) ) ) ) | |
| H. W. WARD, as fiduciary of THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | ) ) ) ) ) | CIVIL ACTION<br><br>NO. |
| Plaintiffs, | ) ) | JUDGE |
| vs. | ) ) ) | |
| 3901 ATLANTIC CORP., a revoked New Jersey corporation, d/b/a O'GRADY'S RESTAURANT & CATERING CORP., a/k/a O'GRADY'S PUB, and TOM O'GRADY, an individual, | ) ) ) ) ) ) | **FILED: MAY 15, 2008**<br>**08CV2817           AEE**<br>**JUDGE CASTILLO**<br>**MAGISTRATE JUDGE VALDEZ** |
| Defendants. | ) | |

## COMPLAINT

The Plaintiffs, THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND ("Welfare Fund") and H. W. WARD, as fiduciary of THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND (collectively "Plaintiffs"), by their attorneys, complaining of the Defendants, 3901 ATLANTIC CORP., a revoked New Jersey corporation, d/b/a O'GRADY'S RESTAURANT & CATERING CORP., a/k/a O'GRADY'S PUB ("O'GRADY'S PUB"), and TOM O'GRADY, an individual, allege as follows:

## JURISDICTION

1.      This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515, 29 U.S.C. §§1132(a)(3) and 1145.  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

## PARTIES

2.      Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5) and 29 U.S.C. §186(c)(5).  The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3.      The Trustees of the Welfare Fund and the Sixth Amended and Restated Agreements and Declarations of Trusts ("Welfare Fund Trust Indenture") governing the Welfare Fund's establishment and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf.  H. W. Ward, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4.      Defendant, O'GRADY'S PUB, is engaged in the hospitality industry with a principal place of business located at 3901 Atlantic Avenue, Atlantic City, New Jersey.

5.      Defendant, O'GRADY'S PUB, was incorporated under the laws of the State of Illinois on New Jersey in or about July 1994 and was revoked in or about February 2007 for not filing annual reports for two consecutive years.

6. Defendant, TOM O'GRADY, is the President and sole shareholder of O'GRADY'S PUB and is personally liable for the debts of O'GRADY'S PUB because the corporation's status was revoked.

## VENUE

7. The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

## FACTS

8. Defendant, O'GRADY'S PUB, is an employer engaged in an industry affecting commerce and has agreed to be bound by certain collective bargaining agreements, as established below, under which Defendant is required, *inter alia*, to pay employee fringe benefits in the form and manner of monthly contributions to the Welfare Fund, for and on behalf of Defendant's eligible employees.

9. Defendant, O'GRADY'S PUB, by its authorized agent, has executed collectively-bargained labor agreements with UNITE HERE Local 54, effective through December 1, 2009 (the "Agreements"), which require contributions be made to the Welfare Fund for and on behalf of Defendant's eligible employees.

10. The Agreements bind Defendant, O'GRADY'S PUB, to the Welfare Fund Trust Indenture under the terms of which Defendant, *inter alia*, shall pay, in addition to the amounts determined to be due, interest, liquidated damages, attorneys' fees and costs, audit costs, court costs and any other reasonable costs incurred by Plaintiffs in the collection process.

11. Plaintiffs have complied with all conditions precedent in bringing this action.

12. A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

## WELFARE FUND DELINQUENCIES

13. The Welfare Fund incorporates by reference Paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14. Defendants have failed to submit payments to the Welfare Fund for benefits for the eligible employees identified on the contribution reports for the period August 2007 through March 2008.

15. As a result of the failure to make the required contributions, Defendants are currently indebted to the Welfare Fund in the following amounts:

| | |
|---|---|
| Principal | $13,074.00 |
| Interest | $     443.41 |
| Late Fee | $     911.25 |
| Liquidated Damages | $     443.41 |
| TOTAL | $14,872.07 |

16. Interest has continued to accrue on the unpaid contributions and will continue to accrue during the pendency of this litigation.

17. The total amount currently due and owing to the Welfare Fund is $14,872.07, plus accruing interest, costs and attorneys' fees, subject, however, to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

18.     By failing to make the appropriate contributions to the Welfare Fund, Defendants have breached the Agreements and ERISA §§515, 29 U.S.C. §§1145.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants, O'GRADY'S PUB, and TOM O'GRADY, as follows:

(a)     on behalf of the Welfare Fund, the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(b)     all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

(c)     such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).


/s/   Laura M. Finnegan


Laura M. Finnegan
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6210637
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\O'Grady's\complaint.lmf.df.wpd